IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BANK OF AMERICA, N.A., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 11-2481-KHV |
| KANSAS CVS PHARMACY, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

On September 26, 2012, the Court entered a memorandum and order which overruled defendant's motion for partial summary judgment and sustained plaintiff's cross-motion for partial summary judgment. Memorandum And Order (Doc. #19). Five days later, on October 2, 2012, defendant filed a notice of appeal. See Doc. #20. This matter comes before the Court on defendant's Motion For Certification (Doc. #25) filed October 30, 2012. Pursuant to Rule 54(b), Fed. R. Civ. P., defendant asks the Court to enter final judgment as to its partial summary judgment ruling. For reasons stated below, the Court overrules defendant's motion.

**Legal Standards**

Rule 54(b), Fed. R. Civ. P., provides as follows:

When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

By making immediate appeal available, Rule 54(b) seeks to avoid the possible injustice caused by delaying judgment on a distinctly separate claim or as to fewer than all of the parties until final adjudication of the entire case. Okla. Turnpike Auth. v. Bruner, 259 F.3d 1236, 1241 (2001). It also preserves the historic federal policy against piecemeal appeals, Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956), a policy that promotes judicial efficiency, expedites the ultimate termination of an action and relieves appellate courts of the need to repeatedly familiarize themselves with the facts of a case, Okla. Turnpike Auth., 259 F.3d at 1241. Thus it attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants. Id.

District courts should not routinely enter Rule 54(b) judgments. Id. (citing Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 10 (1980); Livesay v. Shollenbarger, 19 F.3d 1443 (Table),1994 WL 56923, at *2 (10th Cir. 1994); Great Am. Trading Corp. v. I.C.P. Cocoa, Inc., 629 F.2d 1282, 1286 (7th Cir. 1980)). They should be reluctant to enter such orders because the purpose of the rule is limited: to provide a recourse for litigants when dismissal of less than all their claims without immediate appeal will create undue hardships. Id. (quoting Gas-A-Car, Inc. v. Am. Petrofina, Inc., 484 F.2d 1102, 1105 (10th Cir. 1973)).

**Procedural History**

On July 25, 2011, Bank of America, N.A., 75th Metcalf Associates, LLC, Nancy Gee, Ruth Hanna and Thomas Millar filed suit against Kansas CVS Pharmacy, LLC in the District Court of Johnson County, Kansas. See Petition For Forcible Detainer, Exhibit A to Defendant's Notice Of Removal (Doc. #1) filed August 25, 2011. Plaintiffs allege that they own the property located at

7501 Metcalf and that defendant breached a lease agreement for that property by not paying the correct amounts of rent due. See Petition For Forcible Detainer (Doc. #1-1) ¶¶ 1, 9-11. They seek the following relief:

> judgment against Defendant Kansas CVS Pharmacy, LLC for immediate possession of the Premises; for damages in excess of $75,000.00 including rent in an amount of to be determined at trial, as well as all charges that accrue during the pendency of this lawsuit; and Plaintiff's attorney fees; for an order of this Court directing Tenant's compliance with Article XVI to "construct an adequate separating wall along the property line or lines so as to give adequate support and separation to the improvements on the lease property"; for costs Plaintiff has incurred as a result of having to file this action; and for such other and further relief as the Court deems just and equitable.

Id. at 5.

On August 25, 2011, defendant removed the action to this Court, asserting diversity jurisdiction. See Defendant's Notice Of Removal (Doc. #1). On the same date, defendant filed an answer and counterclaims for declaratory judgment and unjust enrichment. See Answer And Counterclaim (Doc. #4). On its counterclaim for declaratory judgment (Count I), defendant seeks the following relief:

> (a)  A declaration that Plaintiffs were required to provide CVS with 90 days to cure any default, and therefore, Plaintiffs' Notice of Default was invalid and ineffective to trigger CVS' right to cure;
> (b)  A declaration that CVS cured any default with the June 3, 2010 payments;
> (c)  A declaration that Plaintiffs owe CVS the sum of $2,400.00.
> (d)  A declaration that the Lease is not terminated, due either to Plaintiffs' invalid notice or CVS' cure.
> (e)  A declaration that if the Lease is terminated, no expiration has occurred triggering CVS' duties under Article XVI(b);
> (f)  A declaration that Plaintiffs bad faith and unclean hands have barred them from the recovery they seek;
> (g)  That judgment be entered in favor of CVS and against Plaintiffs;
> (h)  That CVS be awarded its reasonable attorney's fees and costs; and
> (i)  For any other and further relief as the Court may deem just and proper.

Id. at 10. On its counterclaim for unjust enrichment (Count II), defendant asserts that it overpaid

plaintiffs in the amount of $2,400, and that it would be inequitable for plaintiffs to retain the sum. Id. at 11. Defendant seeks judgment against plaintiff in the amount of $2,400 plus reasonable attorney's fees and costs and any other relief which the Court deems just and proper. Id.

On October 21, 2011, defendant filed a motion for partial summary judgment on its counterclaim for declaratory judgment. See Motion For Partial Summary Judgment (Doc. #13). Specifically, defendant sought a declaration that (1) the lease did not terminate because (a) plaintiffs acted in bad faith and/or (b) defendant cured its breach within 90 days; and (2) if the lease did terminate, it did not trigger any duties under Article XVI(b). Id. at 1-2.

On November 11, 2011, plaintiffs filed a cross-motion for summary judgment. See Plaintiffs' Cross-Motion For Partial Summary Judgment (Doc. #15). Plaintiffs asserted that the uncontroverted facts established that (1) defendant did not cure its breach within the lease's 30-day cure period; and (2) plaintiffs did not act in bad faith. Plaintiffs sought a declaration that (1) the lease terminated because defendant did not cure its breach within 30 days; (2) plaintiffs did not breach the duty of good faith and fair dealing; and (3) the termination of the lease triggered defendant's obligations under Article XVI(b) of the lease. Id. at 1-2.

On September 26, 2012, the Court overruled defendant's motion and sustained plaintiffs' motion. See Memorandum And Order (Doc. #19). Specifically, the Court found that (1) the lease terminated because defendant did not cure its breach within 30 days; (2) plaintiffs did not breach the covenant of good faith and fair dealing; and (3) the termination of the lease triggered defendant's obligation under Article XVI(b) to construct a separating wall. Id. at 7-11.

On October 2, 2012, defendant filed a notice of appeal regarding the Court's partial summary judgment ruling. See Notice Of Appeal (Doc. #20).

On October 30, 2012, defendant filed a motion asking the Court to certify its ruling as a final judgment under Rule 54(b).  See Motion For Certification (Doc. #25).

**Analysis**

Defendant asks the Court to certify its partial summary judgment ruling as a final judgment under Rule 54(b).  Id. at 1.  Defendant asserts that no just reason exists to delay appellate review because (1) the order was a final judgment and effectively disposed of all claims between the parties; and (2) "[a]ny allegedly unresolved claims (such as attorneys' fees and Defendant's claim for unjust enrichment) are effectively resolved for purposes of finality due to their status as collateral matters and the law of the case doctrine."  Id. at 5-6.

Plaintiffs disagree and assert that the following issues remain for this Court to decide: (1) whether plaintiff is entitled to immediate possession of the premises; (2) whether plaintiff is entitled to damages; (3) whether plaintiff is entitled to attorney's fees and if so, in what amount; (4) whether plaintiff is entitled to the cost of this action; and (5) whether defendant is entitled to recover $2,400 on its counterclaim for unjust enrichment.

The Court agrees with plaintiffs.  The previous ruling dealt only with defendant's counterclaim for declaratory judgment, i.e. it ruled that the lease terminated because defendant did not cure its breach within 30 days, plaintiffs did not breach the covenant of good faith and fair dealing and the termination of the lease triggered defendant's obligation to construct a separating wall.  See Memorandum And Order (Doc. #19) at 7-11.  It did not dispose of plaintiffs' claims for (1) immediate possession of the premises; (2) damages; (3) attorney's fees; (3) an order directing defendant to construct an adequate separating wall; and (4) costs of the action.  Also, the Court has not ruled on defendant's counterclaim for unjust enrichment in the amount of $2,400.

The Court is reluctant to enter Rule 54(b) judgments. Okla. Turnpike Auth., 259 F.3d at 1241. Defendant points to no undue hardship that would be caused by requiring it to complete litigation of all the claims in the case before pursuing an appeal. To enter judgment now would create the risk of piecemeal appeals involving similar issues. On this record, the Court declines to enter judgment under Rule 54(b).

**IT IS THEREFORE ORDERED** that defendant's Motion For Certification (Doc. #25) filed October 30, 2012 be and hereby is **OVERRULED**.

Dated this 26th day of November, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge