IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Bank of America, N.A. *et al.*,

    Plaintiffs,

vs.                        Case No. 11-2481-JTM

Kansas CVS Pharmacy, LLC,

    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the Motion in Limine (Dkt.106) of defendant Kansas CVS Pharmacy, seeking to exclude certain testimony of Laird Goldsborough, a expert witness for the plaintiff Bank of America. Specifically, CVS challenges Goldsborough's determination of the value of the disputed property in part based upon factors not explicitly mentioned in his report, namely the presence of a subtenant and the property's status as a local corporate headquarters. CVS argues that such opinions should be excluded under Fed.R.Civ.Pr. 37(c), given the failure of Bank of America to supplement Goldsborough's report prior to the May 2, 2014 deadline.

The court hereby denies the motion to exclude. First, the court does not construe Rule 37 to require supplementation where the additional grounds for the expert's opinion

are fully and explicitly acknowledged in the expert's deposition. The duty to supplement arises when a party discovers that its earlier disclosure is incomplete in light of "additional or corrective information [which] has not otherwise been made known to the other parties during the discovery process." Fed.R.Civ.P. 26(e)(1). *See Clean Harbors, Inc. v. CBS Corp.*, 875 F.Supp. 1311, 1315 (D. Kan. 2012). For experts whose reports must be disclosed under Rule 26(a)(2) (B) "the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition." Rule 26(e)(2). But, when an expert fully acknowledges a supplemental basis for his opinion during his deposition, there is no need for additional supplementation.

> The obligation to supplement disclosures and discovery responses applies whenever a party learns that its prior disclosures or responses are in some material respect incomplete or incorrect. *There is, however, no obligation to provide supplemental or corrective information that has been otherwise made known* to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition or *when an expert during a deposition corrects information contained in an earlier report*.

Advisory Committee Note to Rule 26(e) (emphasis added). Thus, in *North Star Mutual Insurance v. CNH America*, No. 11-4133-KES, 2014 WL 397023 (D.S.D. March 6, 2014), the court rejected a similar Rule 26 challenge where the plaintiff's expert opined during his deposition that a fuel tank was defective for a lack of shielding, an opinion not present in his earlier written opinion explaining the tank's defects. The court determined that there was no violation of Rule 26 since the expert "did not change his opinion — he merely supplemented his opinion," and the evidence should not be excluded where "the substance

2

of his opinion was disclosed to CNH well before trial and CNH has not shown any prejudice." *Id.* at *3.

Even if the court were to find that the plaintiff was obliged to supplement Goldsborough's report, it would still deny defendant's motion to exclude. Rule 37 does not require exclusion where the failure to supplement was harmless. *See Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999). In considering the issue, the court may consider "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the [offending] party's bad faith or willfulness." *Id.*

Here, CVS acknowledges (Dkt. 107, at 4) that the plaintiff's failure to supplement was not a product of bad faith. Goldsborough's report was produced on July 29, 2013, and his deposition took place on October 9, 2013. During the deposition, Goldsborough openly explained why he believed the subtenancy and headquarters status differentiated the subject property from other comparables. The plaintiff accordingly has had ample time to obtain evidence to rebut his conclusion. Further, the underlying facts — the existence of a subtenant and the presences of the local CVS headquarters within the subject store — are matters which were known to CVS prior to Goldsborough's deposition.

IT IS ACCORDINGLY ORDERED this 29th day of May that the defendant's Motion in Limine (Dkt. 106) is hereby denied.

<pre>                                        s/J. Thomas Marten
                                        J. THOMAS MARTEN, JUDGE</pre>